UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

SHAKUR YOUNG,

                              Plaintiff,

                  -against-

CITY OF NEW YORK; WARDEN PRESSLEY; NYCDOC OFFICER CIELTO; JOSEPH PONTE; BRIAN SUPRENANT; NEW YORK CITY HEALTH AND HOSPITALS; CAPTAIN ANDJELOVIC,

                             Defendants.

---------------------------------------------------------------------- x

**ANSWER TO THE SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

18 CV 3316 (VEC) (BCM)

Jury Trial Demanded

        Defendant City of New York ("defendant") by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for its answer to the second amended complaint ("SAC"), respectfully alleges, upon information and belief, as follows[1]:

        1.      Denies the allegations set forth in paragraph "1" of the SAC, except admits that plaintiff purports to proceed as stated therein, and further states that the allegations concerning whether the defendants were acting "under the color of state law" is a legal conclusion to which no response is required.

        2.      Denies the allegations set forth in paragraph "2" of the SAC, except admits that plaintiff purports to proceed, and invoke the jurisdiction of the Court, as stated therein.

---

[1] Pursuant to a December 28, 2018 Waiver of Service (ECF No. 23), defendant Joseph Ponte must answer or otherwise respond to the Second Amended Complaint by February 26, 2019. Further, upon information and belief and based on a review of the civil docket sheet in this matter, defendants Warden Pressley, NYCDOC Officer Cielto, Brian Suprenant, New York City Health and Hospitals Corporation, and Captain Anjelovic have not been served with process to date.

3.       Denies the allegations set forth in paragraph "3" of the SAC, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4.       Denies the allegations set forth in paragraph "4" of the SAC, except admits only that, on or about September 18, 2017, upon information and belief, plaintiff was incarcerated at the Robert N. Davoren Center ("RNDC") on Rikers Island.

5.       Denies the allegations set forth in paragraph "5" of the SAC, except admits that the City of New York is a municipal entity created under the laws of the State of New York and that it maintains the New York City Department of Correction ("DOC"); defendant further respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and DOC.

6.       Denies the allegations set forth in paragraph "6" of the SAC.

7.       Denies the allegations set forth in paragraph "7" of the SAC.

8.       Denies the allegations set forth in paragraph "8" of the SAC, except admits that on or about September 18, 2017, Ada Pressley was employed by the City of New York as Warden of the Robert N. Davoren Center ("RNDC").

9.       Denies the allegations set forth in paragraph "9" of the SAC, except admits that on or about September 18, 2017, Captain Andjelovic was employed by the City of New York as a Correction Captain and was assigned shield number 1750.

10.       Denies the allegations set forth in paragraph "10" of the SAC, except admits that on or about September 18, 2017, Correction Officer Cielto was employed by the City of New York as a Correction Officer and was assigned shield number 3731.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the SAC, except admits that Shakur Young is the plaintiff in this matter.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the SAC, except admits, upon information and belief, that on or about September 18, 2017, plaintiff was exposed to oleoresin capsicum spray ("OC") in a bathroom.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the SAC.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the SAC.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the SAC.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the SAC.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the SAC.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the SAC.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the SAC.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the SAC.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the SAC.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the SAC.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the SAC.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the SAC.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the SAC.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the SAC.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the SAC.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the SAC.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the SAC.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the SAC.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the SAC.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the SAC.

33.     Paragraph "33" of the SAC does not contain an averment of fact to which a response is required.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the SAC.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the SAC.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the SAC.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the SAC.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the SAC.

39.     Denies the allegations set forth in paragraph "38(a)"[2] of the SAC except, to the extent that paragraph "38(a)" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendant denies the allegations.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the SAC.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the SAC.

---

[2] Plaintiff's SAC contains two consecutive paragraphs designated paragraph "38."  Accordingly, plaintiff's second paragraph "38" is designated herein as paragraph "38(a)."

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the SAC.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the SAC.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the SAC.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the SAC, except admits, upon information and belief, that at approximately 12:20 p.m. on September 18, 2017, plaintiff arrived at the medical clinic.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the SAC.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the SAC.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the SAC.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the SAC.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the SAC.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the SAC.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the SAC.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the SAC.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the SAC.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the SAC.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the SAC.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the SAC.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the SAC.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the SAC.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the SAC.

61.     Denies the allegations set forth in paragraph "60" of the SAC.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the SAC.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the SAC.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the SAC.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the SAC.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the SAC.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the SAC.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the SAC.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the SAC except, to the extent that paragraph "68" contains conclusions of law rather than averments of fact, no response thereto is required. To the extent that a response is required, defendant denies the allegations.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the SAC.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the SAC.

72.     Denies the allegations set forth in paragraph "71" of the SAC.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the SAC.

74.     Paragraph "73" of the SAC does not contain averments of fact to which a response is required.  To the extent that a response is required, defendant denies the allegations,

and respectfully refers the Court to the document referenced therein for a recitation of its complete contents.

75.     In response to the allegations set forth in paragraph "74" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the SAC regarding plaintiff's purported injuries, except, to the extent that paragraph "75" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendant denies the allegations.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the SAC.

78.     Paragraph "77" of the SAC does not contain averments of fact to which a response is required.  To the extent that a response is required, defendant denies the allegations.

79.     Paragraph "78" of the SAC does not contain averments of fact to which a response is required.  To the extent that a response is required, defendant denies the allegations.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the SAC except, to the extent that paragraph "79" contains conclusions of law rather than averments of fact, no response thereto is required. To the extent that a response is required, defendant denies the allegations.

81.     Paragraph "79(a)"[3] of the SAC does not contain averments of fact to which a response is required.  To the extent that a response is required, defendant denies the allegations.

82.     Denies the allegations set forth in paragraph "80" of the SAC.

83.     Denies the allegations set forth in paragraph "81" of the SAC.

84.     Denies the allegations set forth in paragraph "82" of the SAC.

85.     Denies the allegations set forth in paragraph "82(a)"[4] of the SAC.

86.     Denies the allegations set forth in paragraph "83" of the SAC.

87.     Denies the allegations set forth in paragraph "84" of the SAC.

88.     In response to the allegations set forth in paragraph "85" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

89.     Denies the allegations set forth in paragraph "86" of the SAC.

90.     In response to the allegations set forth in paragraph "87" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

91.     Denies the allegations set forth in paragraph "88" of the SAC.

92.     In response to the allegations set forth in paragraph "89" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

93.     Denies the allegations set forth in paragraph "90" of the SAC.

---

[3] Plaintiff's SAC contains two consecutive paragraphs designated paragraph "79."  Accordingly, plaintiff's second paragraph "79" is designated herein as paragraph "79(a)."

[4] Plaintiff's SAC contains two consecutive paragraphs designated paragraph "82."  Accordingly, plaintiff's second paragraph "82" is designated herein as paragraph "82(a)."

94.     In response to the allegations set forth in paragraph "91" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

95.     Denies the allegations set forth in paragraph "92" of the SAC, except admits that Joseph Ponte was employed by the City of New York as the Commissioner of the DOC, Brian Suprenant was employed by the City of New York as the DOC Bureau Chief of Security, Ada Pressley was employed by the City of New York as Warden of RNDC, Captain Andjelovic was employed by the City of New York as a Correction Captain and was assigned shield number 1750, and Officer Cielto was employed by the City of New York as a Correction Officer and was assigned shield number 3731.

96.     Denies the allegations set forth in paragraph "93" of the SAC.

97.     Denies the allegations set forth in paragraph "94" of the SAC.

98.     Denies the allegations set forth in paragraph "95" of the SAC.

99.     Denies the allegations set forth in paragraph "96" of the SAC.

100.    In response to the allegations set forth in paragraph "97" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

101.    Denies the allegations set forth in paragraph "98" of the SAC.

102.    In response to the allegations set forth in paragraph "99" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

103.    Denies the allegations set forth in paragraph "100" of the SAC.

104.    Denies the allegations set forth in paragraph "101" of the SAC.

- 11 -

105.    In response to the allegations set forth in paragraph "102" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the SAC, except admits that plaintiffs purport to seek relief as stated therein.  Further, to the extent that paragraph "103" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendant denies the allegations.

107.    In response to the allegations set forth in paragraph "104" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

108.    Denies the allegations set forth in paragraph "105" of the SAC.

109.    In response to the allegations set forth in paragraph "106" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the SAC, except admits that plaintiffs purport to seek relief as stated therein.  Further, to the extent that paragraph "107" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendant denies the allegations.

111.    In response to the allegations set forth in paragraph "108" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

112.     Denies the allegations set forth in paragraph "109" of the SAC, except further states that the allegations concerning whether the defendants were "acting within the scope of their employment" is a conclusion of law to which no response is required.

113.     Denies the allegations set forth in paragraph "110" of the SAC.

114.     In response to the allegations set forth in paragraph "111" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

115.     Denies the allegations set forth in paragraph "112" of the SAC.

116.     In response to the allegations set forth in paragraph "113" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

117.     Denies the allegations set forth in paragraph "114" of the SAC except, to the extent that paragraph "114" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendant denies the allegations.

118.     Denies the allegations set forth in paragraph "115" of the SAC except, to the extent that paragraph "115" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendant denies the allegations.

119.     Denies the allegations set forth in paragraph "116" of the SAC.

120.     In response to the allegations set forth in paragraph "117" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

121.    Denies the allegations set forth in paragraph "118" of the SAC, except admits that plaintiffs purport to seek relief as stated therein.  Further, to the extent that paragraph "118" contains conclusions of law rather than averments of fact, no response thereto is required. To the extent that a response is required, defendant denies the allegations.

122.    In response to the allegations set forth in paragraph "119" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

123.    Denies the allegations set forth in paragraph "120" of the SAC, except states that the allegations concerning whether the defendant was "acting within the scope of his employment" is a conclusion of law to which no response is required.

124.    Denies the allegations set forth in paragraph "121" of the SAC, except admits that plaintiffs purport to seek relief as stated therein.  Further, to the extent that paragraph "121" contains conclusions of law rather than averments of fact, no response thereto is required. To the extent that a response is required, defendant denies the allegations.

125.    In response to the allegations set forth in paragraph "122" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

126.    Denies the allegations set forth in paragraph "123" of the SAC except, to the extent that paragraph "123" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendant denies the allegations.

127.    Denies the allegations set forth in paragraph "124" of the SAC.

128.    In response to the allegations set forth in paragraph "125" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

129.    Denies the allegations set forth in paragraph "126" of the SAC.

130.    Denies the allegations set forth in paragraph "127" of the SAC.

131.    In response to the allegations set forth in paragraph "128" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

132.    Denies the allegations set forth in paragraph "129" of the SAC except.

133.    Denies the allegations set forth in paragraph "130" of the SAC, and respectfully refers the Court to the sources cited therein for an accurate recitation of the information contained therein.

134.    In response to the allegations set forth in paragraph "131" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

135.    Denies the allegations set forth in paragraph "132" of the SAC, except admits that on September 18, 2017, Captain Andjelovic was employed by the City of New York as a Correction Captain and was assigned shield number 1750, and Officer Cielto was employed by the City of New York as a Correction Officer and was assigned shield number 3731.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the SAC except, to the extent that paragraph "133" contains conclusions of law rather than averments of fact, no response thereto is required. To the extent that a response is required, defendant denies the allegations.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the SAC regarding plaintiff's purported injuries.  Further, to the extent that paragraph "134" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendant denies the allegations.

138.    Paragraph "135" of the SAC does not contain averments of fact to which a response is required.  To the extent that a response is required, defendant denies the allegations.

139.    In response to the allegations set forth in paragraph "136" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

140.    Denies the allegations set forth in paragraph "137" of the SAC.

141.    Denies the allegations set forth in paragraph "138" of the SAC, and respectfully refers the Court to the sources cited therein for an accurate recitation of the information contained therein.

142.    Denies the allegations set forth in paragraph "139" of the SAC.

143.    Denies the allegations set forth in paragraph "140" of the SAC except, to the extent that paragraph "140" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendant denies the allegations.

144.    In response to the allegations set forth in paragraph "141" of the SAC, defendant repeats and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

145.     Denies the allegations set forth in paragraph "142" of the SAC, and respectfully refers the Court to N.Y. GEN. MUN. LAW § 50-k for a recitation of the circumstances in which employees of the City of New York will be indemnified in judgments.

146.     Denies the allegations set forth in paragraph "143" of the SAC, and respectfully refers the Court to N.Y. GEN. MUN. LAW § 50-k for a recitation of the circumstances in which employees of the City of New York will be indemnified in judgments.

## FIRST AFFIRMATIVE DEFENSE:

147.    The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

148.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of a third party and was not the proximate result of any act of defendant.

## THIRD AFFIRMATIVE DEFENSE:

149.    Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE:

150.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

## FIFTH AFFIRMATIVE DEFENSE:

151.    Plaintiff's claims are barred, in whole or in part, by 42 U.S.C. §§ 1997e.

## SIXTH AFFIRMATIVE DEFENSE:

152.    To the extent that the complaint alleges any claims arising under New York State law, such claims are barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## SEVENTH AFFIRMATIVE DEFENSE:

153.    Plaintiff initiated any incident.

## EIGHTH AFFIRMATIVE DEFENSE:

154.    Plaintiff failed to mitigate his damages.

## NINTH AFFIRMATIVE DEFENSE:

155.    Plaintiff cannot recover damages from alleged emotional injury under the

PLRA because there is no showing of physical injury.

## TENTH AFFIRMATIVE DEFENSE:

156.    Plaintiff fails to state a viable <u>Monell</u> claim under <u>Monell v. Dep't of Soc.</u>

<u>Serv.</u>, 436 U.S. 658 (1978).

**WHEREFORE,** defendant City of New York requests judgment dismissing the

complaint in its entirety, together with the costs and disbursements of this action, and such other

and further relief as the Court may deem just and proper.


Dated:        New York, New York
              January 9, 2019


                                         ZACHARY W. CARTER
                                         Corporation Counsel
                                              of the City of New York
                                         *Attorney for Defendant City of New York*
                                         100 Church Street, Rm. 3-219
                                         New York, New York 10007
                                         (212) 356-2375
                                         nakshah@law.nyc.gov

                                         By:           /s/
                                              _____
                                              NAKUL Y. SHAH
                                              Assistant Corporation Counsel
                                              Special Federal Litigation Division

cc:     Shakur Young, DIN 17-R-3045, *Plaintiff Pro Se*
        Greene Correctional Facility
        P.O. Box 975
        Coxsackie, NY 12051-0975 (*by First-Class Mail*)

Docket No. 18 CV 3316 (VEC) (BCM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKUR YOUNG,

                                        Plaintiff,

                   -against-

CITY OF NEW YORK; WARDEN PRESSLEY;
NYCDOC OFFICER CIELTO; JOSEPH PONTE;
BRIAN SUPRENANT; NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION; CAPTAIN
ANJELOVIC,

                                     Defendants.

**ANSWER TO THE SECOND AMENDED
COMPLAINT  ON BEHALF OF DEFENDANT
CITY OF NEW YORK**

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007

Of Counsel: Nakul Y. Shah
Tel: (212) 356-2375

*Due and timely service is hereby admitted.*

*New York, New York.............................................., 2019*

*............................................................................. Esq.*

*Attorney for.......................................................................*