UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

SHAKUR YOUNG,

                                        Plaintiff,


                    -against-


CITY OF NEW YORK; WARDEN PRESSLEY;
NYCDOC OFFICER CIELTO; JOSEPH PONTE; NEW
YORK CITY HEALTH AND HOSPITALS
CORPORATION; CAPTAIN ANDJELOVIC,

                                        Defendants.

-------------------------------------------------------------------- x

**ANSWER TO THE SECOND
AMENDED COMPLAINT
ON BEHALF OF
DEFENDANTS WARDEN
PRESSLEY, NYCDOC
OFFICER CIELTO, JOSEPH
PONTE,  NEW YORK CITY
HEALTH AND HOSPITALS
CORPORATION, CAPTAIN
ANDJELOVIC**

18 CV 3316 (VEC) (BCM)

Jury Trial Demanded

           Defendants Warden Pressley, NYCDOC Officer Cielto, Joseph Ponte, New York City Health and Hospitals Corporation, and Captain Andjelovic  ("defendants") by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the second amended complaint ("SAC"), respectfully allege, upon information and belief, as follows:

           1.     Deny the allegations set forth in paragraph "1" of the SAC, except admit that plaintiff purports to proceed as stated therein, and further state that the allegations concerning whether the defendants were acting "under the color of state law" is a legal conclusion to which no response is required.

           2.     Deny the allegations set forth in paragraph "2" of the SAC, except admit that plaintiff purports to proceed, and invoke the jurisdiction of the Court, as stated therein.

           3.     Deny the allegations set forth in paragraph "3" of the SAC, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4.      Deny the allegations set forth in paragraph "4" of the SAC, except admit only that, on or about September 18, 2017, upon information and belief, plaintiff was incarcerated at the Robert N. Davoren Center ("RNDC") on Rikers Island.

5.      Deny the allegations set forth in paragraph "5" of the SAC, except admit that the City of New York is a municipal organization created under the laws of the State of New York and that it maintains the New York City Department of Correction ("DOC"); defendants further respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and DOC.

6.      Deny the allegations set forth in paragraph "6" of the SAC.

7.      Deny the allegations set forth in paragraph "7" of the SAC.

8.      Deny the allegations set forth in paragraph "8" of the SAC, except admit that, on or about September 18, 2017, Ada Pressley was employed by the City of New York as Warden of the Robert N. Davoren Center ("RNDC").

9.      Deny the allegations set forth in paragraph "9" of the SAC, except admit that on or about September 18, 2017, Captain Andjelovic was employed by the City of New York as a Correction Captain and was assigned shield number 1750.

10.      Deny the allegations set forth in paragraph "10" of the SAC, except admit that on or about September 18, 2017, Correction Officer Cielto was employed by the City of New York as a Correction Officer and was assigned shield number 3731.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the SAC, except admit that Shakur Young is the plaintiff in this matter.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the SAC, except admit, upon information and belief, that on or about September 18, 2017, plaintiff claimed to have been exposed to oleoresin capsicum spray ("OC").

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the SAC.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the SAC.

15.     Deny the allegations set forth in paragraph "15" of the SAC.

16.     Deny the allegations set forth in paragraph "16" of the SAC.

17.     Deny the allegations set forth in paragraph "17" of the SAC.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the SAC.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the SAC.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the SAC.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the SAC.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the SAC.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the SAC.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the SAC.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the SAC.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the SAC.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the SAC.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the SAC.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the SAC.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the SAC.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the SAC.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the SAC.

33.     Paragraph "33" of the SAC does not contain an averment of fact to which a response is required.

34.     Deny the allegations set forth in paragraph "34" of the SAC.

35.     Deny the allegations set forth in paragraph "35" of the SAC.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the SAC.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the SAC.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the SAC.

39.     Deny the allegations set forth in paragraph "38(a)"[1] of the SAC except, to the extent that paragraph "38(a)" contains conclusions of law rather than averments of fact, no response thereto is required.   To the extent that a response is required, defendants deny the allegations.

40.     Deny the allegations set forth in paragraph "39" of the SAC.

41.     Deny the allegations set forth in paragraph "40" of the SAC.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the SAC, except admit that plaintiff was taken to the medical clinic.

43.     Deny the allegations set forth in paragraph "42" of the SAC.

44.     Deny the allegations set forth in paragraph "43" of the SAC.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the SAC, except admit, upon information and belief, that at approximately 12:20 p.m. on September 18, 2017, plaintiff arrived at the medical clinic.

---

[1] Plaintiff's SAC contains two consecutive paragraphs designated paragraph "38."  Accordingly, plaintiff's second paragraph "38" is designated herein as paragraph "38(a)."

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the SAC.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the SAC.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the SAC.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the SAC.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the SAC.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the SAC.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the SAC.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the SAC.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the SAC.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the SAC.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the SAC.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the SAC.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the SAC.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the SAC.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the SAC.

61.     Deny the allegations set forth in paragraph "60" of the SAC.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the SAC.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the SAC.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the SAC.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the SAC.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the SAC.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the SAC.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the SAC.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the SAC except, to the extent that paragraph "68" contains conclusions of law rather than averments of fact, no response thereto is required. To the extent that a response is required, defendants deny the allegations.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the SAC.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the SAC.

72.     Deny the allegations set forth in paragraph "71" of the SAC.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the SAC.

74.     Paragraph "73" of the SAC does not contain averments of fact to which a response is required.  To the extent that a response is required, defendants deny the allegations, and respectfully refer the Court to the document referenced therein for a recitation of its complete contents.

75.     In response to the allegations set forth in paragraph "74" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

76.     Deny the allegations set forth in paragraph "75" of the SAC.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the SAC.

78.     Deny the allegations set forth in paragraph "77" of the SAC.

79.     Paragraph "78" of the SAC does not contain averments of fact to which a response is required.  To the extent that a response is required, defendants deny the allegations.

80.     Deny the allegations set forth in paragraph "79" of the SAC except, to the extent that paragraph "79" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendants deny the allegations.

81.     Deny the allegations set forth in paragraph "79(a)"[2] of the SAC.

82.     Deny the allegations set forth in paragraph "80" of the SAC.

83.     Deny the allegations set forth in paragraph "81" of the SAC.

84.     Deny the allegations set forth in paragraph "82" of the SAC.

85.     Deny the allegations set forth in paragraph "82(a)"[3] of the SAC.

86.     Deny the allegations set forth in paragraph "83" of the SAC.

87.     Deny the allegations set forth in paragraph "84" of the SAC.

88.     In response to the allegations set forth in paragraph "85" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

89.     Deny the allegations set forth in paragraph "86" of the SAC.

90.     In response to the allegations set forth in paragraph "87" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

91.     Deny the allegations set forth in paragraph "88" of the SAC.

---

[2] Plaintiff's SAC contains two consecutive paragraphs designated paragraph "79."  Accordingly, plaintiff's second paragraph "79" is designated herein as paragraph "79(a)."

[3] Plaintiff's SAC contains two consecutive paragraphs designated paragraph "82."  Accordingly, plaintiff's second paragraph "82" is designated herein as paragraph "82(a)."

92.     In response to the allegations set forth in paragraph "89" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

93.     Deny the allegations set forth in paragraph "90" of the SAC.

94.     In response to the allegations set forth in paragraph "91" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

95.     Deny the allegations set forth in paragraph "92" of the SAC, except admit that Joseph Ponte was employed by the City of New York as the Commissioner of the DOC, Brian Suprenant was employed by the City of New York as the DOC Bureau Chief of Security, Ada Pressley was employed by the City of New York as Warden of RNDC, Captain Andjelovic was employed by the City of New York as a Correction Captain and was assigned shield number 1750, and Officer Cielto was employed by the City of New York as a Correction Officer and was assigned shield number 3731.

96.     Deny the allegations set forth in paragraph "93" of the SAC.

97.     Deny the allegations set forth in paragraph "94" of the SAC.

98.     Deny the allegations set forth in paragraph "95" of the SAC.

99.     Deny the allegations set forth in paragraph "96" of the SAC.

100.    In response to the allegations set forth in paragraph "97" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

101.    Deny the allegations set forth in paragraph "98" of the SAC.

102.    In response to the allegations set forth in paragraph "99" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

103.    Deny the allegations set forth in paragraph "100" of the SAC.

104.    Deny the allegations set forth in paragraph "101" of the SAC.

105.    In response to the allegations set forth in paragraph "102" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

106.    Deny the allegations set forth in paragraph "103" of the SAC.

107.    In response to the allegations set forth in paragraph "104" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

108.    Deny the allegations set forth in paragraph "105" of the SAC.

109.    In response to the allegations set forth in paragraph "106" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

110.    Deny the allegations set forth in paragraph "107" of the SAC, except admit that plaintiff purports to seek relief as stated therein.  Further, to the extent that paragraph "107" contains conclusions of law rather than averments of fact, no response thereto is required. To the extent that a response is required, defendants deny the allegations.

111.    In response to the allegations set forth in paragraph "108" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

- 11 -

112.    Deny the allegations set forth in paragraph "109" of the SAC, except state that the allegations concerning whether the defendants were "acting within the scope of their employment" is a conclusion of law to which no response is required.

113.    Deny the allegations set forth in paragraph "110" of the SAC.

114.    In response to the allegations set forth in paragraph "111" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

115.    Deny the allegations set forth in paragraph "112" of the SAC.

116.    In response to the allegations set forth in paragraph "113" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

117.    Deny the allegations set forth in paragraph "114" of the SAC except, to the extent that paragraph "114" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendants deny the allegations.

118.    Deny the allegations set forth in paragraph "115" of the SAC except, to the extent that paragraph "115" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendants deny the allegations.

119.    Deny the allegations set forth in paragraph "116" of the SAC.

120.    In response to the allegations set forth in paragraph "117" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

121.    Deny the allegations set forth in paragraph "118" of the SAC, except admit that plaintiff purports to seek relief as stated therein.  Further, to the extent that paragraph "118" contains conclusions of law rather than averments of fact, no response thereto is required. To the extent that a response is required, defendants deny the allegations.

122.    In response to the allegations set forth in paragraph "119" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

123.    Deny the allegations set forth in paragraph "120" of the SAC, except states that the allegations concerning whether the defendant was "acting within the scope of his employment" is a conclusion of law to which no response is required.

124.    Deny the allegations set forth in paragraph "121" of the SAC, except admit that plaintiff purports to seek relief as stated therein.  Further, to the extent that paragraph "121" contains conclusions of law rather than averments of fact, no response thereto is required. To the extent that a response is required, defendants deny the allegations.

125.    In response to the allegations set forth in paragraph "122" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

126.    Deny the allegations set forth in paragraph "123" of the SAC except, to the extent that paragraph "123" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendants deny the allegations.

127.    Deny the allegations set forth in paragraph "124" of the SAC.

128.     In response to the allegations set forth in paragraph "125" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

129.     Deny the allegations set forth in paragraph "126" of the SAC.

130.     Deny the allegations set forth in paragraph "127" of the SAC.

131.     In response to the allegations set forth in paragraph "128" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

132.     Deny the allegations set forth in paragraph "129" of the SAC.

133.     Deny the allegations set forth in paragraph "130" of the SAC, and respectfully refer the Court to the sources cited therein for an accurate recitation of the information contained therein.

134.     In response to the allegations set forth in paragraph "131" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

135.     Deny the allegations set forth in paragraph "132" of the SAC, except admit that on September 18, 2017, Captain Andjelovic was employed by the City of New York as a Correction Captain and was assigned shield number 1750, and Officer Cielto was employed by the City of New York as a Correction Officer and was assigned shield number 3731, and further state that the allegation concerning whether the defendants were acting within the scope of their employment is a conclusion of law to which no response is required.

136.     Deny the allegations set forth in paragraph "133" of the SAC except, to the extent that paragraph "133" contains conclusions of law rather than averments of fact, no

response thereto is required.  To the extent that a response is required, defendants deny the allegations.

137.    Deny the allegations set forth in paragraph "134" of the SAC.

138.    Paragraph "135" of the SAC does not contain averments of fact to which a response is required.  To the extent that a response is required, defendants deny the allegations.

139.    In response to the allegations set forth in paragraph "136" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

140.    Deny the allegations set forth in paragraph "137" of the SAC.

141.    Deny the allegations set forth in paragraph "138" of the SAC, and respectfully refer the Court to the sources cited therein for an accurate recitation of the information contained therein.

142.    Deny the allegations set forth in paragraph "139" of the SAC.

143.    Deny the allegations set forth in paragraph "140" of the SAC except, to the extent that paragraph "140" contains conclusions of law rather than averments of fact, no response thereto is required.  To the extent that a response is required, defendants deny the allegations.

144.    In response to the allegations set forth in paragraph "141" of the SAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer to the SAC, as if fully set forth herein.

145.    Deny the allegations set forth in paragraph "142" of the SAC, and respectfully refer the Court to N.Y. GEN. MUN. LAW § 50-k for a recitation of the circumstances in which employees of the City of New York will be indemnified in judgments.

146.     Deny the allegations set forth in paragraph "143" of the SAC, and respectfully refer the Court to N.Y. GEN. MUN. LAW § 50-k for a recitation of the circumstances in which employees of the City of New York will be indemnified in judgments.

### FIRST AFFIRMATIVE DEFENSE:

147.     The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

148.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the united States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

149.     At all times relevant to the acts alleged in the complaint, defendants acted reasonable in the proper and lawful exercise of their discretion.   Therefore, the individual defendants are entitled to immunity on the state law claims.

### FOURTH AFFIRMATIVE DEFENSE:

150.     The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE:

151.     Plaintiff's claims are barred, in whole or in part, by 42 U.S.C. §§ 1997e.

## SIXTH AFFIRMATIVE DEFENSE:

152.    To the extent that the complaint alleges any claims arising under New York State law, such claims are barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## SEVENTH AFFIRMATIVE DEFENSE:

153.    Plaintiff initiated any incident.

## EIGHTH AFFIRMATIVE DEFENSE:

154.    Plaintiff failed to mitigate his damages.

## NINTH AFFIRMATIVE DEFENSE:

155.    Plaintiff cannot recover damages from alleged emotional injury under the PLRA because there is no showing of physical injury.

## TENTH AFFIRMATIVE DEFENSE:

156.    Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE:

157.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of a third party and was not the proximate result of any act of defendants.

## TWELFTH AFFIRMATIVE DEFENSE:

158.    The New York City Health and Hospitals Corporation is a non-suable entity.

## **THIRTEENTH AFFIRMATIVE DEFENSE:**

159.   Defendants Joseph Ponte and Warden Pressley had no personal involvement in the incident.

**WHEREFORE,** defendants Warden Pressley, NYCDOC Officer Cielto, Joseph Ponte, New York City Health and Hospitals Corporation, and Captain Andjelovic request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
             February 26, 2019

                                       ZACHARY W. CARTER
                                       Corporation Counsel
                                             of the City of New York
                                       *Attorney for Defendants Warden Pressley,*
                                       *NYCDOC Officer Cielto, Joseph Ponte, New*
                                       *York City Health and Hospitals*
                                       *Corporation, and Captain Andjelovic*
                                       100 Church Street, Rm. 3-219
                                       New York, New York 10007
                                       (212) 356-2375
                                       nakshah@law.nyc.gov

                                       By:            /s/
                                       _____

                                             NAKUL Y. SHAH
                                             Assistant Corporation Counsel
                                             Special Federal Litigation Division

cc:     Shakur Young, DIN 17-R-3045, *Plaintiff Pro Se*
        Greene Correctional Facility
        P.O. Box 975
        Coxsackie, NY 12051-0975 (*by First-Class Mail*)

Docket No. 18 CV 3316 (VEC) (BCM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKUR YOUNG,

                                        Plaintiff,

                    -against-

CITY OF NEW YORK; WARDEN PRESSLEY;
NYCDOC OFFICER CIELTO; JOSEPH PONTE; NEW
YORK   CITY   HEALTH   AND   HOSPITALS
CORPORATION; CAPTAIN ANJELOVIC,

                                        Defendants.

**ANSWER TO THE SECOND AMENDED
COMPLAINT  ON BEHALF OF DEFENDANTS
WARDEN PRESSLEY, NYCDOC OFFICER
CIELTO, JOSEPH PONTE, NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION,
AND CAPTAIN ANDJELOVIC**

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendants Warden Pressley, NYCDOC
Officer Cielto, Joseph Ponte, New York City Health and
Hospitals Corporation, and Captain Andjelovic*
100 Church Street
New York, New York 10007

Of Counsel: Nakul Y. Shah
Tel: (212) 356-2375

*Due and timely service is hereby admitted.*

*New York, New York.*.........................................*, 2019*

.................................................................. *Esq.*

*Attorney for*........................................................................